UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTRONE CLIFF, | No. 1:17-cv-00641-JLT (HC) |
| Petitioner, | **ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE** |
| v. | **FINDINGS AND RECOMMENDATION TO DENY MOTION FOR SUMMARY JUDGMENT [Doc. No. 8]** |
| ANDRE MATEVOUSIAN, | |
| Respondent. | **[TWENTY-ONE DAY OBJECTION DEADLINE]** |

On May 8, 2017, Petitioner filed a petition for writ of habeas corpus in this Court. Petitioner challenges a prison disciplinary conviction and consequent loss of forty-one days of good conduct time.

Following a preliminary review of the petition, on May 15, 2017, the Court issued an order directing Respondent to file a response to the petition.

On May 18, 2017, Petitioner filed the instant motion for summary judgment.

## DISCUSSION

Summary judgment is a procedural device available for prompt and expeditious disposition of controversy without trial when there is no dispute as to material fact. See Advisory Committee Notes, Fed.R.Civ.P. 56, 1963 Amendment ("The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there

is a genuine need for trial."). Thus, its purpose is to prevent the need for trial over facts that are not legitimately in dispute. Petitioner has filed a petition for writ of habeas corpus. "[T]he writ of habeas corpus is not a proceeding in the original criminal prosecution but an independent civil suit." Riddle v. Dyche, 262 U.S. 333, 335-336 (1923); see also Keeney v. Tamayo-Reyes, 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting). Modern habeas corpus procedure has the same function as an ordinary appeal. Anderson v. Butler, 886 F.2d 111, 113 (5th Cir. 1989); O'Neal v. McAnnich, 513 U.S. 440, 442 (1995). In a habeas proceeding, the petitioner does not proceed to "trial." Since the passage of AEDPA, a habeas petitioner is rarely entitled to an evidentiary hearing. Cullen v. Pinholster, 563 U.S. 170, 203 (2011). Whatever beneficial role summary judgment may have played in habeas proceedings prior to AEDPA is now virtually non-existent. For all practical purposes, summary judgment is equivalent to the Court's making a determination on the merits of a habeas petition. Thus, motions for summary judgment are inappropriate in federal habeas proceedings. See, e.g., Johnson v. Siebel, 2015 WL 9664958, at *1 n.2 (C.D.Cal. Aug. 4, 2015); Mulder v. Baker, 2014 WL 4417748, at *1–*2 (D.Nev. Sept. 8, 2014); Gussner v. Gonzalez, 2013 WL 458250, at *3–*5 (N.D.Cal. Feb. 5, 2013); Ordway v. Miller, 2013 WL 1151985, at *1 (E.D.Cal. Mar. 19, 2013).

**ORDER**

The Clerk of Court is **DIRECTED** to assign a District Judge to the case.

**RECOMMENDATION**

For the foregoing reasons, the Court **RECOMMENDS** that the motion for summary judgment be **DENIED**.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten court days after service of the Objections.

1 | The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).
2 | The parties are advised that failure to file objections within the specified time may waive the right
3 | to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

   Dated:   **May 19, 2017**                         **/s/ Jennifer L. Thurston**
                                                         UNITED STATES MAGISTRATE JUDGE