UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTRONE CLIFF,<br><br>    Petitioner,<br><br>v.<br><br>ANDRE MATEVOUSIAN,<br><br>    Respondent. | No. 1:17-cv-00641-DAD-JLT (HC)<br><br>**FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS [Doc. No. 23]**<br><br>**[TEN DAY OBJECTION DEADLINE]** |

On May 8, 2017, Petitioner filed a petition for writ of habeas corpus in this Court. He challenges a prison disciplinary conviction and consequent loss of forty-one days of good conduct time credit.

On August 14, 2017, Respondent filed a motion to dismiss the petition as moot. The Court agrees with Respondent and recommends the petition be **DISMISSED**.

**DISCUSSION**

A. <u>Preliminary Review of Petition</u>

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer

if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default). Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion.

In this case, Respondent's motion to dismiss is based on his contention that the petition and its claims are moot. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion pursuant to its authority under Rule 4.

B. Mootness

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); N.A.A.C.P., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982). A federal court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) (per curiam) (quoting Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241 (1937)).

In this case, Petitioner challenges a disciplinary hearing held in February of 2017 in which he was found guilty of possessing narcotics and for which he was assessed a forty-one day loss of good conduct time credits. (Resp't's Mot. Dismiss, Attach. 1.) A re-hearing was held in June 2017, Petitioner was again found guilty, and the original penalties remained in place. (Id.) On June 7, 2017, Petitioner was released from federal custody. (Id.) He now lives in Hawaii and is not under federal supervision. (Id.)

As relief, Petitioner requested the guilty finding be vacated and the forty-one days of lost time credits be reinstated. Since Petitioner has been released, there is no further relief that this

Court can provide to Petitioner, and the petition is now moot. Hence, Respondent's motion to dismiss should be granted.

**RECOMMENDATION**

Accordingly, the Court **RECOMMENDS** as follows:

1. Respondent's motion to dismiss (Doc. 23) be **GRANTED**;

2. The petition for writ of habeas corpus be **DISMISSED** as moot; and

3. The Clerk of Court be DIRECTED to enter judgment.

This Findings and Recommendations is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within seven court days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **September 8, 2017**        **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE